**Last revised: August 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:     Margarita Pagan

Case No.: __16-13401__

Judge: __ABA__

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original     ☒ Modified/Notice Required     Date: _February 12, 2018_

☒ Motions Included     ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor.  This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney.  Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*.  Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien.  The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate.  An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _/s/ SW_     Initial Debtor: _/s/ MP_     Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____555.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____March 1, 2018_____ for approximately _____36_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐  Sale of real property
Description:
Proposed date for completion: _____

☐  Refinance of real property:
Description:
Proposed date for completion: _____

☐   Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☒ NONE**

    a. Adequate protection payments will be made in the amount of $ _____142.00_____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to Mariner Finance_____ (creditor).

    b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2,960.00+300.00 fee app |
| DOMESTIC SUPPORT OBLIGATION | n/a | n/a |
| IRS | taxes | notice only |
| State of New Jersey | taxes | notice only |
| Specialized Loan Service | Admin | $531.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. |  |  |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Specialized Loan Services | 108 S Franklin St. Landisville, NJ 08326 | $8,061.77 ($4,203.89 + 3,857.88) per order resolving motion for relief | None | $8,061.77 ($4,203.89 + 3,857.88) per order resolving motion for relief | $756.11 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Mariner Finance | 2011 Ford Fusion | $12,554.69 | $8,150.00 | none | $12,554.69 | 5% | $14,215.35 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

### Part 5:    Unsecured Claims ☒ NONE

   a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

   ☒ Not less than $ _____0.00_____ to be distributed *pro rata*

   ☐ Not less than _____ percent

   ☐ *Pro Rata* distribution from any remaining funds

   b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

### Part 6:    Executory Contracts and Unexpired Leases ☒ NONE

   (NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

   All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:   Motions** ☐ NONE

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**  ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**  ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| Mariner Finance | 2011 Ford Fusion | $12,554.69 | $8,150.00 | $14,215.35 | $1,660.66 |

### Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Priority Claims
3) Secured Claims
4) Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification  ☒ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: February 12, 2018                    .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To list the arrears owed to Specialized Loan Service to be rolled into the plan per the order resolving the motion for relief. | To list the arrears owed to Specialized Loan Service to be rolled into the plan per the order resolving the motion for relief. |
| To list the administrative fees owed to Specialized Loan Service per the order resolving the motion for relief. | To list the administrative fees owed to Specialized Loan Service per the order resolving the motion for relief. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☒ Yes    ☐ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: February 12, 2018                                 /s/ Seymour Wasserstrum
                                                        Attorney for the Debtor

Date: February 12, 2018                                 /s/ Margarita Pagan
                                                        Debtor

Date: _____        _____
                                                        Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: February 12, 2018 /s/ Seymour Wasserstrum
Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: February 12, 2018 /s/ Margarita Pagan
Debtor

Date: _____ _____
Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:  
Margarita Pagan  
    Debtor

Case No. 16-13401-ABA  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-1     User: admin     Page 1 of 2     Date Rcvd: Feb 13, 2018  
                 Form ID: pdf901     Total Noticed: 27

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 15, 2018.

```
db           +Margarita Pagan,    108 South Franklin St.,    Landisville, NJ 08326-1340
cr           +Mariner Finance, LLC,    3600 East Landis Ave., Unit 19,    Vineland, NJ 08361-3090
516019109    +A 1 Collection Service,    80 West Upper Ferry Rd, Ste 1,    c/o gastroenterology group of sj,
               West Trenton, NJ 08628-2736
516019110     Apex Asset Management,    1286 Carmichael Way,    c/o advanced anethesia,
               Montgomery, AL 36106-3645
516019111     Apex Asset Management,    1286 Carmichael Way,    c/o frankel orthosports med,
               Montgomery, AL 36106-3645
516019112     Apex Asset Mangement,    1286 Carmichael Way,    c/o center for diagnostic imaging,
               Montgomery, AL 36106-3645
516019113    +Arthritis And Rheumatology Associates,    2848 South Delsea Dr, Ste 2C,
               Vineland, NJ 08360-7042
516229661     BERLIN EMERGENCY DEPARTMENT,    Revenue Recovery Corporation,    PO Box 50250,
               Knoxville, TN 37950-0250
516019115     Borough Of Buena,    P.O. Box 696,    Municiple Utilities Authority,    Minotola, NJ 08341-0696
516019118    +EOS CCA,    700 Longwater Drive,    Norwell, MA 02061-1624
516019117    +Enhanced Recovery Corp,    PO Box 57547,    c/o sprint,    Jacksonville, FL 32241-7547
516019119    +First Premier,    3820 N. Lousie Ave,    Sioux Falls, SD 57107-0145
516019121     Iqbal & Khan Surgical Assoc PA,    10 Magnolia Ave,    Bridgeton, NJ 08302-1760
516019122   ++++MARINER FINANCE-VINELAND,    3600 E LANDIS AVE STE 19,    VINELAND NJ  08361-3090
              (address filed with court:  Mariner Finance-Vineland,    3650 E Landis Ave,    Vineland, NJ 08361)
516068028    +Mariner Finance, LLC,    8211 Town Center Drive,    Nottingham, MD 21236-5904
516285895    +Michael R. Mazzoni PA,    1170 East Landis Avenue,    Vineland NJ 08360-4216
516019123     Revenue Recovery Corp,    7005 Middlebrook Pike,    c/o berlin emergency dept.,
               Knoxville, TN 37909-1156
516019125    +SLS Mortgage,    8742 Lucent Blvd. Suite 300,    Littleton, CO 80129-2386
516019124     Sears/CBNA,    PO Box 6282,    Sioux Falls, SD 57117-6282
516019126    +Superior Court Of New Jersey Clerk,    25 Market Street,    Trenton, NJ 08611-2148
516243866    +The Bank of New York Mellon Trustee (See 410),    c/o Specialized Loan Servicing LLC,
               8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg           E-mail/Text: usanj.njbankr@usdoj.gov Feb 13 2018 22:29:06     U.S. Attorney,    970 Broad St.,
               Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg          +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Feb 13 2018 22:29:05     United States Trustee,
               Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
               Newark, NJ 07102-5235
516019114    +E-mail/Text: bankruptcy@pepcoholdings.com Feb 13 2018 22:29:01     Atlantic City Electric,
               5 Collins Drive Suite 2133,    Pepco Holdings Inc, Bankruptcy Division,
               Penns Grove, NJ 08069-3600
516019116    +E-mail/Text: bankruptcy@credencerm.com Feb 13 2018 22:29:19     Credence Resource Management,
               17000 Dallas Pkwy Ste 204,    c/o AT&T,    Dallas, TX 75248-1940
516019120     E-mail/Text: jkatsios@gsicollections.com Feb 13 2018 22:29:01     GSI Recovery LLC,
               PO Box 1026,    c/o regional diagnostic imaging,    Bloomfield, NJ 07003-1026
516257580    +E-mail/Text: JCAP_BNC_Notices@jcap.com Feb 13 2018 22:29:12     Premier Bankcard, Llc,
               c o Jefferson Capital Systems LLC,    Po Box 7999,    Saint Cloud Mn 56302-7999
                                                                                              TOTAL: 6

             ***** BYPASSED RECIPIENTS  (undeliverable, * duplicate) *****
516284510      Arthritis & Rheumatology Associates
517298009*   +The Bank of New York Mellon Trustee (See 410),    c/o Specialized Loan Servicing LLC,
               8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
                                                                                 TOTALS: 1, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++++' were corrected as required by the USPS Locatable Address Conversion System (LACS).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 15, 2018                       Signature: _/s/Joseph Speetjens_

```
District/off: 0312-1          User: admin              Page 2 of 2            Date Rcvd: Feb 13, 2018
                              Form ID: pdf901          Total Noticed: 27
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 12, 2018 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    The Bank of New York Mellon FKA The Bank of New York,
               as Trustee for the certificateholders of CWABS, Inc., ASSET-BACKED CERTIFICATES, Series 2006-26
               dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Isabel C. Balboa    ecfmail@standingtrustee.com,   summarymail@standingtrustee.com
              John R. Morton, Jr.    on behalf of Creditor    Mariner Finance, LLC ecfmail@mortoncraig.com,
               mortoncraigecf@gmail.com
              Seymour  Wasserstrum    on behalf of Debtor Margarita  Pagan mylawyer7@aol.com,  ecf@seymourlaw.net
                                                                                                       TOTAL: 5
```